John A. YACONO *v.* STATE of Arkansas

CR 85-2                                                         685 S.W.2d 500

Supreme Court of Arkansas
Opinion delivered March 4, 1985

*Robert E. Irwin,* for appellant.

*Steve Clark,* Att'y Gen., by: *Velda P. West,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted in the Yell County Circuit Court, to which he had appealed from a municipal court conviction, of DWI (Act 549 of 1983). On appeal to this court he argues: I) the Circuit Court erred in allowing the introduction of a breathalyzer test showing his blood alcohol content was .13%; II) the verdict was contrary to the facts and the law; and III) it was error to allow the test results because it was not taken immediately after he had been driving. We do not agree with these arguments and therefore affirm the judgment of the trial court.

The facts reveal that appellant had been drinking at a party before driving his girlfriend home. Near her house he struck an embankment or some stationary object. Thereafter he drove the car to her house where he stated he consumed additional alcohol. The accident occurred sometime between 11:30 p.m. and midnight on December 10, 1983, and the ticket charging him with DWI was written at 12:09 a.m. on December 11, 1983. The breathalyzer test was administered shortly thereafter. The appellant was charged with DWI in violation of Act 549 of 1983.

Officers Sheets and Hardin did the primary investigation. They testified that they found a partially empty brandy bottle in the car and stated about 15 minutes elapsed from the time of the accident until the arrest for DWI. One of the

officers testified he observed the appellant as being unsteady, hardly able to stand, weaving back and forth, smelling like he had poured alcohol all over himself, and having slurred speech.

I

The trial court allowed the introduction of the breath test into evidence although appellant was charged with being intoxicated. Ark. Stat. Ann. § 75-2503 (a) (Supp. 1983) makes it illegal for a person to operate or be in control of a vehicle if he is intoxicated. Subsection (b) of the same statute makes it illegal for a person to operate or be in control of a vehicle if his blood alcohol content is 0.10% or more. Either of the above described conditions is a violation of Act 549 of 1983, commonly called the "Omnibus DWI Act." The emergency clause stated the matter of vehicles being operated or controlled by persons under the influence of alcohol or drugs was so great a danger to the public that the Act should go into effect immediately. The thrust of the Act is to keep drinking drivers and those using drugs out of vehicles because the General Assembly has determined them to be a threat to the general public. When a person operates or controls a vehicle while intoxicated (as a result of the ingestion of alcohol or drugs or both) or with a blood alcohol content of 0.10% or more, he violates Act 549. The penalty is the same whether the act is violated by conduct described by (a) or (b). In other words, the two conditions are simply two different ways of proving a single violation. Intoxication may be proven in the manner described in Ark. Stat. Ann. § 75-2502 (a). Proof of blood alcohol content in excess of 0.10% is evidence which may tend to prove intoxication.

II

Little time need be spent on the argument of the sufficiency of the evidence. The test is whether there is substantial evidence to support the verdict. *Lunon* v. *State,* 264 Ark. 188, 569 S.W.2d 663 (1978). Substantial evidence is such evidence that forces the mind to a conclusion which is beyond suspicion or conjecture. *Brown* v. *State,* 278 Ark.

604, 648 S.W.2d 67 (1983). In deciding whether evidence is substantial, appellate courts take notice of the unquestioned laws of nature, of mathematics and of physics. *Ocker v. Nix,* 202 Ark. 1064, 155 S.W.2d 58 (1941). In testing whether there is substantial evidence we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party who is relying upon the evidence. If material and relevant evidence is not in dispute or there is a conflict in the evidence to the extent that fair minded persons might draw different conclusions therefrom, the evidence is substantial. *Collett v. Loews,* 203 Ark. 756, 158 S.W.2d 658 (1942). The evidence, both disputed and undisputed, recited in the facts of this case are such that reasonable minded persons could reach different conclusions. Therefore, there is substantial evidence to support the verdict.

## III

Appellant cites no authority for the argument that the trial court erred in allowing the results of the breath test to be introduced into evidence. The test was given at least 30 minutes after the accident and after appellant had drunk additional alcohol. This argument is based entirely upon the fact that appellant ingested additional alcohol between the time of the accident and the time of the test. Of course there is no method by which the additional whiskey could be measured separately from the old whiskey which was already in his bloodstream. There was substantial other evidence to support the verdict without considering appellant's blood alcohol content. In any event the test results were admissible along with any other relevant evidence.

Affirmed.