## Gerald WILSON *v.* STATE of Arkansas

CR 85-3                                         685 S.W.2d 811

### Supreme Court of Arkansas
### Opinion delivered March 18, 1985

*Henry & Mooney,* by: *John R. Henry,* for appellant.

*Steve Clark,* Att'y Gen., by: *Sandra Partridge,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This appeal comes before us under Rule 29(1)(c) as one in a series of cases in which we construe and interpret the Omnibus DWI Act of 1983, Ark. Stat. Ann. § 75-2501—75-2514 (Supp. 1983). We affirm the judgment finding the appellant guilty.

Appellant first argues that he should not have been convicted of operating a motor vehicle while intoxicated because the state failed to introduce evidence of a chemical test to prove intoxication. The argument is without merit. Ark. Stat. Ann. § 75-2503 (a) (Supp. 1983) provides that it is illegal for anyone to operate a vehicle while intoxicated. Subsection (b) of the same statute provides that it is illegal for anyone to operate a vehicle with a blood alcohol content of .10% or more. Proof of the blood alcohol content is not necessary for a conviction under subsection (a), driving

while intoxicated. However, such proof is admissible as evidence tending to prove intoxication. *Yacono* v. *State*, 285 Ark. 130, 685 S.W.2d 500 (1985).

The appellant next argues that he was charged under subsection (b) of the act but was convicted under subsection (a) of the act, and therefore, his conviction must be reversed. Again, the argument is without merit. The charging instrument, whether a citation or information, is not in the record. The municipal court appeal transcript reflects that appellant was "charged with the offense of DWI one." Other parts of the record indicate that he was charged with "DWI one." Such a charge is sufficient for a conviction under either subsection (a) or (b), even though the evidentiary requirements of the subsections are different. *Yacono* v. *State, supra.*

Affirmed.