Richard A. HUBBARD *v.* STATE of Arkansas

CR 97-431                                                    973 S.W.2d 804

· Supreme Court of Arkansas
Opinion delivered September 17, 1998

*Sharp & Sharp, P.A.,* by: *J. Baxter Sharp III,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., for appellee.

PER CURIAM. In 1990, a jury convicted Richard Hubbard of first-degree murder and sentenced him to life in prison for the shooting death of his wife in the parking lot of a McDonald's in Brinkley, Arkansas. We affirmed the conviction and sentence in *Hubbard v. State,* 306 Ark. 153, 812 S.W.2d 107 (1991).

At the time of Hubbard's conviction, Arkansas Criminal Procedure Rule 37 had been abolished and was replaced with Rule 36.4. Under Rule 36.4, a defendant who wished to raise a claim of ineffective assistance of counsel had to do so in a motion for a new trial within thirty days of the date of the judgment. Although it is unclear whether Hubbard filed such a motion, he subsequently pursued habeas corpus relief pursuant to 28 U.S.C. § 2254 in federal court. On November 5, 1995, the United States District Court for the Eastern District of Arkansas ordered that a writ of habeas corpus would issue "unless, within ninety (90) days, petitioner is allowed to prosecute with the benefit of counsel, Rule 36.4 proceedings in Monroe County Circuit Court and an appeal if desired."

Pursuant to the order of the federal court, the Monroe County Circuit Court appointed an attorney to represent Hubbard in the postconviction proceedings. The appointment was made on January 29, 1996. The postconviction hearing was held on August 12, 1996.

During the hearing, Hubbard made several allegations of ineffective assistance of counsel, including his attorney's alleged failure to insure that Hubbard received a psychological evaluation from a neutral, unbiased professional, and that the evaluation

focused on how his culpability was affected by his addiction to drugs and alcohol. Hubbard also claimed that his attorney did not discuss his case with him frequently enough prior to trial; and that he failed to adequately investigate witnesses for both the defense and the prosecution. Additionally, Hubbard also claimed that the State did not comply with the federal court's order to allow him to prosecute his Rule 36.4 claims within ninety days, and he contended that the first-degree murder statute was vague and overbroad. The circuit court entered an order denying relief on December 31, 1996. Hubbard now appeals that order. We affirm.

For his first argument on appeal, Hubbard contends that the circuit court erred in denying relief on his claim that the State did not comply with the federal court's order in a timely manner. Specifically, he contends that the intent of the order was to have the entire Rule 36.4 matter, including the appointment of counsel and the postconviction hearing, concluded within ninety days. In response, the State contends that this court is unable to interpret and enforce an order of the federal court. We agree.

The issue of whether or not the State complied with the ninety-day condition set forth in the federal court's order is outside the scope of our review. Even if it can be said that the State did not comply with the District Court's order, the enforcement of the order is in the jurisdiction of that court, and not here.

Hubbard also contends that the first-degree murder statute, as it was written at the time of his conviction, was unconstitutionally vague and overbroad. In 1989, Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1989) provided:

> (a) A person commits murder in the first degree if:
>
> ***
>
> (2) With a purpose of causing the death of another person, he causes the death of any person.

Hubbard contends that confusion arises from the use of "another person" and "any person" in the statute. Specifically, he argues that he did not receive fair notice of the crime because the relationship between these two phrases is not defined in the statute.

We affirm the circuit court's denial of relief on this claim because Hubbard has not met his burden of proving that the statute is unconstitutional. *See Vickers v. State,* 313 Ark. 64, 852 S.W.2d 787 (1993).

In *Vickers v. State, supra,* we concluded that a later version of the statute, which substituted "another" for "any" in subsection (a)(2), was not void for vagueness. We reasoned that the subsection was merely broad enough to cover two situations in which a purposeful killing might occur. In other words, the statute covers the situation when the defendant actually kills the intended victim, as well as a "transferred intent" situation, when a third person, rather than the intended victim, is killed by the defendant's action. Hubbard does not cite us to any convincing authority as to why the 1989 version of the statute should be interpreted any differently. We fail to see, moreover, how Hubbard can claim that he did not have fair warning that his conduct, which consisted of the purposeful shooting of his wife in a public parking lot, did not amount to first-degree murder.

For his last claim in this appeal, Hubbard contends that he should have been granted postconviction relief on his ineffective assistance of counsel claims. As indicated above, Hubbard alleged that his trial counsel was ineffective because he failed to ensure that Hubbard's mental evaluations would include an inquiry into his drug and alcohol abuse, and because he failed to ensure that Hubbard was evaluated by a neutral, unbiased professional. Hubbard also alleged that his attorney failed to adequately prepare his client and investigate the State's witnesses.

We cannot reach the merits of these claims because Hubbard has not included an abstract of the trial in his brief. An abstract of the trial is needed in order to evaluate Hubbard's claims according to the "cause and prejudice" test in *Strickland v. Washington,* 466 U.S. 668 (1984). See *Pogue v. State,* 316 Ark. 428, 872 S.W.2d 387 (1994).

Affirmed.