# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1157

_____

Michael Clay,                                  *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   District Court for the Eastern
                                               *   District of Arkansas.
Larry Norris,                                  *
                                               *
            Appellee.                          *

_____

Submitted: February 16, 2006
Filed: April 25, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Michael A. Clay was convicted of rape in Arkansas. **ARK. CODE ANN. § 5-14-103**. After an unsuccessful appeal addressing insufficiency of the evidence, he sought post-conviction relief for ineffective assistance of counsel. **ARK. R. CRIM. P. 37.1(a)(i)**. The trial court rejected his petition on the merits. On March 7, 2002, the Supreme Court of Arkansas refused to accept Clay's brief because his "abstract is deficient" and he "failed to include the order denying his Rule 37 petition in his addendum." *See* **ARK. SUP. CT. R. 4-2(a)(5), (8)**. The court gave him 15 days "to file a substituted abstract, Addendum, and brief to conform to Rule 4-2." *See* **ARK. SUP.**

CT. R. 4-2(b)(3).  On rebriefing, Clay included the missing order, but "failed to abstract material parts of the record."  Specifically:

> Within his argument, appellant [Clay] refers to comments made by the prosecutor at the original trial and to events occurring at the sentencing hearing.  Appellant has not, however, abstracted any portion of the sentencing hearing nor has appellant adequately abstracted material portions of his original trial.  Appellant has failed to comply with our abstracting requirements and has failed to demonstrate prejudice.  It is the appellant's burden to produce a record sufficient to demonstrate error, and the record on appeal is confined to that which is abstracted.

The Supreme Court of Arkansas affirmed the denial of the petition for post-conviction relief on May 9, 2002.

Clay next sued for a writ of habeas corpus in district court[1], claiming insufficiency of the evidence and ineffective assistance of counsel.  *See* **28 U.S.C. § 2254(d)(1)**.  The court dismissed his first claim on the merits, and the second because he did not follow the abstracting rule.  Clay appeals only the ineffective assistance claim, arguing the "Arkansas rules on abstracting are applied in a standardless manner, and as such do not create a valid procedural bar to Federal review in habeas corpus proceedings."  He requests "this case be reversed and remanded for consideration of his substantive ineffective assistance of counsel claims."  This court reviews "the district court's findings of fact for clear error and its conclusions of law de novo." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2005).

---

[1] The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.  *See* **28 U.S.C. § 636(b)**.

A federal court "is prohibited from reviewing an issue that the state court has resolved on an adequate and independent state ground, including procedural default." *Winfield v. Roper*, 460 F.3d 1026, 1036 (8th Cir. 2006). "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Otherwise, "habeas would offer prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the state's interest in enforcing its laws." *Id.* at 730-31.

Further, "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Id.* at 731. Also grounded in comity and federalism, "the exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). A "habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Id.* at 732.

These two doctrines work together. A habeas petitioner who defaults a federal claim in state court satisfies the exhaustion requirement: thereafter, the state courts are closed to him. *See id.* Without the independent and adequate state ground doctrine, "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claim in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Id.*

But "only a firmly established and regularly followed state practice" is a procedural bar to federal habeas review. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). "[S]tate procedural rules not strictly or regularly followed may not bar our

review." ***Dixon v. Dormire***, 263 F.3d 774, 781 (8th Cir. 2001) (quoting ***Ford***, 498 U.S. at 424). Clay contends that "there is no established standard in Arkansas for what abstracting circumstances are required for dismissal of an 'inadequately' abstracted brief." Rather, precedent is "a hodgepodge of decision making, remarkable for its fluctuating standards." Clay concludes that in Arkansas, "an insufficient abstract (whatever that is) precludes appellate review except when it doesn't."

Clay fails to show that the abstracting rule "is not a consistently applied state rule." In *Williams v. State*, 944 S.W.2d 822 (Ark. 1997), *Fight v. State*, 863 S.W.2d 800 (Ark. 1993), and *Kirby v. State*, 915 S.W.2d 736 (Ark. Ct. App. 1996) – cases Clay cites – the missing materials were irrelevant to the merits of the claims. But Clay "failed to abstract material parts of the record" relevant to his ineffective-assistance-of-counsel claim. And in *Finney v. State*, 2001 WL 1452153, *1 (Ark. Nov. 15, 2001), the appellant – on rebriefing, like Clay – "failed to abstract material parts of the record," leaving the court with "no way of resolving the issues raised in appellant's brief challenging counsel's alleged ineffective performance." As with Clay, the supreme court affirmed the denial of Finney's Rule 37 petition.

In *Taylor v. Norris*, 401 F.3d 883, 886 (8th Cir. 2005), this court held the Arkansas abstracting rule is an "independent and adequate state law ground[]" to bar federal habeas review. The Rule states,

> If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8).

ARK. SUP. CT. R. 4-2(b)(3) (2006). The previous version was harsher:

-4-

If the Court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. If the Court considers that action to be unduly harsh, the appellant's attorney may be allowed time to revise the brief, at his or her own expense, to conform to Rule 4-2(a)(6).

ARK. SUP. CT. R. 4-2(b)(3) (2000). Effective September 1, 2001, the Rule was liberalized to allow the 15-day extension to cure deficiencies. In a per curiam order announcing the changes, the Supreme Court of Arkansas explained:

The recurring theme in the comments and at the heart of the Committee's proposal was the need for appeals to be decided on the merits. We agree and have addressed this concern in amending Rule 4-2(b)(3). Appeals will no longer be affirmed because of the insufficiency of the abstract without the appellant first having any opportunity to cure the deficiencies. The so-called "affirmance rule" is being essentially eliminated, except in the rarest circumstances where the appellant refuses or fails to comply after given the opportunity to cure a deficient abstract, addendum, and brief.

*In re: Modification of the Abstracting System – Amendments to Supreme Court Rules 2-3, 4-2, 4-3, and 4-4*, 345 Ark. 626, 627 (May 31, 2001).[2]

Under both versions of Rule 4-2(b)(3), Arkansas's "firmly established and regularly followed state practice" is to deny Rule 37 relief when the abstract is so deficient that the court cannot evaluate the claim on its merits. *See, e.g.*, *Martin v. State*, 989 S.W.2d 908, 910 (Ark. 1999) ("we must affirm on the ineffective assistance of counsel claim" because "[w]ithout an abstract of the evidence that was introduced

---

[2] Rule 4-2(a)(6) was reclassified as Rule 4-2(a)(5), (8).

during the revocation proceeding, we have no way to determine if the court's upward departure from the sentencing guidelines was justified."); ***Hubbard v. State***, 973 S.W.2d 804, 805 (Ark. 1998) (court could not "reach the merits" of a Rule 37 petitioner's ineffective-assistance-of-counsel claim "because Hubbard has not included an abstract of the trial in his brief.").

"The basic principle is that failure to follow state procedures will warrant withdrawal of a federal remedy only if those procedures provided the habeas petitioner with a fair opportunity to seek relief in state court." ***Easter v. Endell***, 37 F.3d 1343, 1347 (8th Cir. 1994). Clay's post-conviction relief petition was denied after he failed to cure the abstract's deficiencies, an "independent and adequate state ground" to bar federal habeas review. *See* ***Taylor***, 401 F.3d at 886. This is a "firmly established and regularly followed practice" in Arkansas. *See* ***Ford***, 498 U.S. at 423-24. Clay had "a fair opportunity to seek relief in state court." *See* ***Easter***, 37 F.3d at 1347. The Arkansas abstracting rule is a procedural bar to federal habeas review.

The judgment of the district court is affirmed.

_____