Cite as 2021 Ark. App. 329

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-20-566

| | | |
|---|---|---|
| | | **Opinion Delivered** September 15, 2021 |
| GEORGE JONES | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-19-1512] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

George Jones was convicted of domestic battering in the third degree and now appeals his conviction, arguing that the circuit court erred in denying his motion to dismiss because the State failed to introduce substantial evidence that he purposely caused physical injury to the victim. We affirm.

On 4 April 2019, the State charged Jones with terroristic threatening in the first degree and domestic battering in the third degree.[1] These charges stemmed from an altercation with his wife, Teresa; the police report on the incident stated that Jones had "grabbed her by the throat, ripped her shirt, and said, 'I'll fucking kill you.'" The circuit court held a bench trial on 2 December 2019 and considered the following evidence.

---

[1]Jones was acquitted of the charge of terroristic threatening in the first degree.

Teresa testified that she and Jones have been married since February 2005 and have two children together. They separated in November 2018, but she still depended on Jones for transportation. On 7 February 2019, Jones had taken Teresa and the children (ages six and eleven) to run errands and then returned to her apartment building. When he stopped the car, he leaned over the steering wheel in a way that concerned Teresa, so she reached over to turn off the car. Jones grabbed her hand with one hand and grabbed her neck with his other hand, tearing her shirt and squeezing her neck. Teresa suffered bruising around her neck and behind her ear. He also screamed profanities at her. Teresa got out of the car, and Jones followed, still screaming and threatening to kill her. Teresa said that she was afraid for her life and that the children had run for help. Jones unloaded groceries from his truck and left the scene, and Teresa called the police. She denied that she had attempted to remove the keys from the ignition.

Officer Jordan Kline, who responded to the scene, said that Teresa was crying and very upset. Teresa explained to Kline what had happened, and Kline observed that Teresa's neck was red and her shirt was torn.

Defense counsel moved to dismiss the third-degree domestic-battering charge, arguing that the State had presented no proof that Jones purposely caused Teresa injury and that Jones was just trying to get his keys out of her hand. The motion was denied.

Jones testified that on the day of the altercation, he had gone to Teresa's apartment to take her and the children to run errands. He described Teresa as "crying hysterically" and said she expressed an interest in working things out between them, but he said no. At that point, Teresa's attitude "hardened" but remained civil because the children were

2

present. According to Jones, once they returned to Teresa's apartment, she was deliberately trying to provoke him, but he ignored her. Teresa then reached over and "snatched" the keys out of the ignition, and Jones grabbed her coat and said, "Give me my fucking keys." She gave him the keys, and he continued to yell at her to get out of the truck. Jones unloaded the groceries and called the police as he got back inside his truck. Jones said that he was "hysterical" because he knew that Teresa "was going to try something." He drove to the police station to report the incident, and he was arrested while at the station. He denied that he had called Teresa a "fucking bitch" during the incident or that he had threatened to kill her. He also denied grabbing her hand or putting his hand around her neck and choking her. He confirmed that he and Teresa were in the process of getting divorced.

At the conclusion of Jones's testimony, the defense renewed its motion to dismiss, which was denied. The court found Jones guilty of domestic battering in the third degree and explained, "It could be reckless—the conduct can be reckless. So in that—he did say he grabbed her and caused it, so he's going to be sentenced." On 11 June 2020, the court entered an order sentencing Jones to twelve months' probation. This appeal followed.

When the sufficiency of the evidence is challenged in a criminal conviction, our court views the evidence in the light most favorable to the verdict and considers only the evidence supporting it. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty,

3

compel a conclusion one way or the other, without resorting to speculation or conjecture. *Fernandez v. State*, 2010 Ark. 148, 362 S.W.3d 905.

Arkansas Code Annotated section 5-26-305(a) (Supp. 2021) provides in part that a person commits domestic battering in the third degree if, with the purpose of causing physical injury to a family or household member, the person causes physical injury to a family or household member; or the person recklessly causes physical injury to a family or household member. Ark. Code Ann. § 5-26-305(a)(1) & (2). Jones argues that he was charged pursuant to § 5-26-305(a)(1), which requires a showing that he acted with the purpose of causing physical injury.[2] But in making its ruling, the circuit court found that he had acted recklessly in causing injury to the victim. Jones contends that a culpable mental state that is part of the definition of a criminal offense is an element of the offense that must be proved beyond a reasonable doubt. Acting recklessly is not the same as acting purposely, he asserts, and proof that he acted recklessly does not suffice to prove that he acted purposely. Because the State failed to prove an element of the offense charged, he urges this court to reverse and dismiss his conviction.

In response, the State explains that subsections (a)(1) and (a)(2) of the third-degree domestic-battering statute differ only in the respect that subsection (a)(2) requires proof of a less culpable mental state (recklessly) to commit the offense. Arkansas Code Annotated section 5-1-110(b)(3) (Repl. 2013) provides that a defendant can be convicted of an offense

---

[2]The information stated that Jones was charged with violating § 5-26-305 and did not specify a subsection; however, the language used in the information tracks the language in subsection (a)(1). Other documents in the record state that Jones was charged with violating § 5-26-305(b)(1) (indicating that the charge was a Class A misdemeanor).

other than that charged when the offense of conviction differs from the offense charged only in the respect that a lesser mental state suffices to establish its commission. So, the State asserts, a defendant charged with violating § 5-26-305(a)(1) can be convicted of violating § 5-26-305(a)(2) as long as the State proves commission of that offense. Jones does not argue on appeal that there was insufficient evidence to prove he acted recklessly.

Jones replies that the State's argument is based on the faulty premise that subsections (a)(1) and (a)(2) differ only in the respect that subsection (a)(2) requires proof of a less culpable mental state. This premise would be correct, he asserts, only if subsection (a)(1) stated, "A person commits domestic battering in the third degree if: The person purposely causes physical injury to a family or household member." Jones contends that the actual wording of subsection (a)(1), however, shows the legislature's intent to incorporate the doctrine of transferred intent into the definition of § 5-26-305(a)(1). "Transferred intent" is a doctrine that assigns criminal liability to a defendant who attempts to harm one person, but accidently harms another person. *See Hubbard v. State*, 334 Ark. 321, 973 S.W.2d 804 (1998).

Jones asserts that subsection (a)(1) shows the legislature's effort to incorporate the doctrine of transferred intent into the statutory definition of third-degree domestic battering. Thus, he argues, § 5-1-110(b)(3) is not applicable, and § 5-26-305(a)(2) is not a "lesser included offense" of § 5-26-305(a)(1). Jones again concludes that the State failed to introduce substantial evidence that he purposely caused physical injury to the victim, and therefore his conviction should be reversed and dismissed.

Both parties have made the mistake of applying the law relevant to lesser-included offenses to this case. But subsections (a)(1) and (a)(2) are not separate offenses; instead, they are two ways to prove a single offense—domestic battering in the third degree. *See Yacono v. State*, 285 Ark. 130, 685 S.W.2d 500 (1985) (holding that defendant could be convicted of violating Ark. Code Ann. § 5-65-103 (DWI) by proof that he operated or controlled a vehicle while intoxicated or that he operated or controlled a vehicle with a blood alcohol content of 0.10% or more because the two subsections are simply two ways to prove a single violation). Further, Jones cannot demonstrate prejudice from any alleged error by the circuit court because he faced the same sentencing range regardless of how the court determined he had committed the offense. We will not reverse a lower court's decision unless there is prejudicial error. *Cokeley v. State*, 288 Ark. 349, 705 S.W.2d 425 (1986) (holding that defendant was not prejudiced by jury being instructed that rape could be committed by engaging in sexual intercourse or deviate sexual activity when only sexual intercourse was charged, given substantial evidence of both acts and given the fact that there was only one crime of rape with two means of commission).

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.

6