Steven F. TAYLOR v. STATE of Arkansas

CR 98-15                                              9 S.W.3d 515

Supreme Court of Arkansas
Opinion delivered February 3, 2000

*Stuart Vess*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

PER CURIAM. In 1995 and 1996, the State filed three informations that charged Steven Taylor with a variety of drug-related offenses. In CR 95-648, Taylor was charged with delivery of a controlled substance. In CR 96-113, he was charged with simultaneous possession of drugs and firearms. In CR 96-190, Taylor was charged with two counts of possession of a controlled substance with intent to deliver and one count of possession of a firearm. In exchange for Taylor's guilty plea, the charge in CR 95-648 was nolle prossed, and he received 432 months' imprisonment in cases CR 96-190 and CR 96-113. Following his guilty plea, Taylor filed a timely petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. In the petition, he alleged he did not receive effective assistance of counsel as guaranteed by the Sixth Amendment. After a hearing, the circuit court entered an order denying relief. We conclude that the circuit court's order does not comply with the requirements of Rule 37.3, and, therefore, we must reverse and remand the case for written findings of fact and conclusions of law.

During the postconviction hearing, evidence was introduced concerning a possible conflict of interest that existed in CR 96-113. Shortly after the charges were filed, Phyllis Worley was appointed to represent Taylor in all three cases. After reviewing the prosecutor's file, she discovered that she, at one time, had represented the confidential informant that was used in cases CR 95-648 and CR 96-113. Consequently, the trial court granted her motion to be relieved in both cases.

For reasons that were never made clear, Ms. Worley was again appointed to represent Taylor in CR 96-113. Another attorney was also appointed to assist her. During the hearing, she testified that once she was reappointed to the case, she alerted the prosecutor to the possible conflict that she had with the confidential informant. She remained on the case, however, because the prosecutor assured her that in the event of a trial, the confidential informant would not testify.

Taylor now argues that the circuit court erred when it denied relief on his claim that he did not receive effective assistance of counsel. First, Taylor asserts that he was prejudiced by Ms. Worley's conflict of interest in CR 96-113. Taylor contends that the charges in that case were the result of the execution of a nighttime search

warrant at his residence. He states that although he desired to challenge the validity of the warrant, Ms. Worley could not act on his request because the affidavit that supported the warrant contained information that was received from the confidential informant.

Taylor also raises other claims of ineffective assistance of counsel. Taylor argues that the attorneys that represented him failed to adequately investigate the case and failed to fully inform him of the charges against him. According to Taylor, his attorneys' failure to conduct an adequate investigation played a role in their failure to discover grounds to challenge the nighttime search.

Taylor also asserts that his attorneys allowed him to plead guilty while under the influence of alcohol and drugs. He contends that their failure to recognize his intoxication caused him to unknowingly waive his right to a jury trial. He further suggests that his intoxicated state at the plea hearing led to a denial of due process.

We cannot reach the merits of Taylor's arguments because the circuit court did not enter written findings of fact and conclusions of law as required by Ark. R. Cr. P. Rule 37.3. In pertinent part, Rule 37.3(c) provides that after a hearing, "[t]he court *shall* determine the issues and make written findings of fact and conclusions of law with respect thereto." (Emphasis added.) In *Williams v. State*, 272 Ark. 98, 612 S.W.2d 115 (1981), we noted that "[w]e have held without exception that this rule is mandatory and requires written findings." In *Baumgarner v. State*, 288 Ark. 315, 705 S.W.2d 10 (1986), we made it clear that the requirement of written findings of fact applies to any issue upon which a Rule 37 hearing is held.

In this case, the circuit court's order is conclusory. The order does not reflect how the circuit court applied the standard for ineffective-assistance-of-counsel claims, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to the allegations that were the subject of the postconviction hearing. There is also no indication that the circuit court applied the standards of *Cuyler v. Sullivan*, 446 U.S. 335 (1980), for ineffective-assistance-of-counsel claim based on a conflict of interest.

Accordingly, we must reverse and remand the case for findings that comply with the rule. If Taylor desires to appeal those findings, he must renew the appeal process in this court with the filing of another notice of appeal.

Reversed and remanded.