# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1117

_____

Steven F. Taylor,                    *
                                     *
            Appellant,               *
                                     *
                                     *   Appeal from the United States
    v.                               *   District Court for the Eastern
                                     *   District of Arkansas.
Larry Norris,                        *
                                     *
            Appellee.                *

_____

Submitted: December 16, 2004
Filed: February 9, 2005

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Arkansas prisoner Steven F. Taylor appeals the district court's[1] denial of his petition for habeas relief. We affirm.

---

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Arkansas authorities arrested Mr. Taylor on various state drug and firearm charges following the nighttime execution of a search warrant at his home. The State charged Mr. Taylor in three separate cases: CR 95-648, delivery of a controlled substance; CR 96-113, simultaneous possession of drugs and firearms; and CR 96-190, two counts of possession of a controlled substance with intent to deliver and one count of possession of a firearm. The first attorney that the Arkansas Circuit Court appointed to represent Mr. Taylor, Phyllis Worley, requested and received discovery materials from the county prosecutor. These materials revealed that the State's confidential informant, who had provided information for the search warrant application, was one of her former clients.

Ms. Worley notified the Circuit Court of the existence of a potential conflict of interest in CR 95-648 and CR 96-113. She petitioned the court to be released from representing Mr. Taylor. The Circuit Court released her and appointed replacement counsel, Jim Petty, to represent Mr. Taylor. Later, Mr. Petty discovered that he too had conflicts. The Circuit Court released Mr. Petty. The Circuit Court then appointed a third attorney, Russ Hunt, to represent Mr. Taylor in CR 95-648 and 96-190. The Circuit Court reappointed Ms. Worley as co-counsel in CR 96-190 and as sole counsel in CR 96-113.

When the Circuit Court reappointed Ms. Worley to represent Mr. Taylor, she told the prosecutor of the possible conflict related to the confidential informant. The prosecutor, however, assured her that in the event the case went to trial, the State did not intend to call the confidential informant as a witness. Later, Ms. Worley discovered that the State did intend to use the confidential informant as a witness. She sought instruction from the Circuit Court, but before the Circuit Court acted on her request, Mr. Taylor reached a plea agreement.

Ms. Worley was present at the plea hearing. The Circuit Court asked her about the conflict, and she told the Circuit Court that no conflict existed because the only

possibility for a conflict would have been if Mr. Taylor's cases had gone to trial and the confidential informant had testified. The Circuit Court accepted this explanation. Mr. Taylor pled guilty in CR 96-190 and CR 96-113 and the State abandoned CR 95-648. The Circuit Court sentenced Mr. Taylor to 432 months of imprisonment.

Mr. Taylor filed a timely petition for postconviction relief with the Circuit Court under Arkansas Rule of Criminal Procedure § 37. He alleged ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. Mr. Taylor claimed that Ms. Worley should have challenged the search warrant affidavit, search warrant, and nighttime execution of the search warrant under Arkansas law, and that her failure to do so comprised ineffective assistance. The Circuit Court denied relief, and Mr. Taylor appealed. The Arkansas Supreme Court determined that the Circuit Court had not made adequate written findings on Mr. Taylor's claims. Taylor v. State, 9 S.W.3d 515 (Ark. 2000). On remand, the Circuit Court found:

> The defendant failed to prove that Ms. Worley had an actual conflict of interest. Prior representation of a potential witness for the state does not by itself establish an actual conflict of interest. The defendant failed to present evidence of any such actual conflict. Secondly, the defendant failed to provide evidence that Ms. Worley's prior representation of the [] potential state's witness in any way [a]ffected the adequacy of her representation of the defendant. No evidence was presented to indicate Ms. Worley declined to challenge the search warrant because of her prior representation of the confidential informant.

Taylor v. State, CR 00-877, 2001 WL 435511 at *2 (Ark. 2001) (unpublished) ("Taylor II") (quoting the Circuit Court).

The Arkansas Supreme Court affirmed on procedural grounds. Id. It found that Mr. Taylor failed to adequately abstract the record as required under Arkansas

procedure and that this failure deprived the Arkansas Supreme Court of an adequate record upon which to rule. Id. ("Although appellant has abstracted language mentioned in the search warrant, we are unable to determine whether the language consists of an impartial condensation of the search warrant as required by Ark. Sup. Ct. R. 4-2(a)(6)."). Notwithstanding this ruling on procedural grounds, the Arkansas Supreme Court stated in its footnote 1:

> Despite appellant's abstracting deficiency, the limited information provided by appellant appears to be similar to the case of Holloway v. State, 293 Ark. 450, 742 S.W.2d 550 (1987) in which we found that a nighttime search was justified. Thus, appellant has also failed to show that he was prejudiced by counsel's alleged conflict of interest.

Taylor II at *6 n.1.

Mr. Taylor next filed a petition for habeas relief in the United States District Court for the Eastern District of Arkansas. The District Court denied relief, but granted a certificate of appealability as to one issue: the alleged ineffective assistance of Ms. Worley due to a conflict of interest.

On appeal, the State argues that we may not consider Mr. Taylor's ineffective assistance claim because the Arkansas Supreme Court found the claim procedurally defaulted and did not address it on the merits. Nims v. Ault, 251 F.3d 698, 702 (8th Cir. 2001); Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995) (stating that a federal court cannot consider claims that a prisoner procedurally defaulted in state court absent a showing of actual innocence or cause and prejudice). We disagree. We believe that the Arkansas Supreme Court's footnote 1, quoted above, comprises an alternate ruling based on the merits. We held in Brown v. Luebbers, 371 F.3d 458, 461-62 (8th Cir. 2004), that a state court addressed the merits of a claim even though the state court presented only a summary discussion of the claim. In reaching that conclusion, we noted that because we are not in a position to dictate how state courts

-4-

should write their opinions, we cannot require state courts to use certain key words or forms to signal a judgment on the merits. Rather, "[w]e must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." Id. at 461.

Here, based on the limited record before it, the state court considered and rejected the allegation of prejudice related to counsel's purported conflict of interest, at least as it related to counsel's failure to challenge the nighttime search. Because the state court's decision on the merits was limited to the narrow issue of the nighttime search, any claims of ineffective assistance that rely on other purported shortcomings in Ms. Worley's representation are procedurally barred. Accordingly, the scope of our review is limited.

Because we find that the state court adjudicated a limited ineffective assistance claim on the merits, the rigorous standard of the AEDPA governs our review. See 28 U.S.C. § 2254(d). Under this standard we may not provide relief unless we determine that the Arkansas Supreme Court applied clearly established United States' Supreme Court precedent in an unreasonable manner. Id. at § 2254(d)(1). It did not.

Mr. Taylor argues that he is entitled to relief because Ms. Worley's conflict of interest situation moves his case out from under Strickland v. Washington, 466 U.S. 668, 685-86 (1984), which requires a showing of prejudice, and triggers the lesser standard under Holloway v. Arkansas, 435 U.S. 475, 488 (1978), Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980), or Wood v. Georgia, 450 U.S. 261, 273 (1981). The Supreme Court in Mickens v. Taylor, 535 U.S. 162, 166-74 (2002), however, carefully analyzed these three conflict of interest cases and made it clear that before we may relieve any defendant or petitioner of the requirement of proving prejudice, he or she must show "an actual conflict of interest mean[ing] precisely a conflict that *affected counsel's performance*—as opposed to a mere theoretical division of loyalties." Id. at 171 (internal quotation marks omitted). Under clearly established

Supreme Court precedent, then, Mr. Taylor need not show prejudice if he proves that the conflict "*actually affected the adequacy of [the] representation.*" Id. (quoting Cuyler, 446 U.S. at 349).

In this case, it was not unreasonable for the Arkansas Supreme Court to determine that Mr. Taylor failed to make this showing. Mr. Taylor clearly articulated a "theoretical division of loyalties." Mickens, 535 U.S. at 171. In the abstract, it is conceivable that the confidential informant was unreliable, cross examination might have revealed the confidential informant to be unreliable, and Ms. Worley's prior representation might have caused her to not challenge the informant. However, "[t]he mere fact that a trial lawyer had previously represented a prosecution witness does not entitle a defendant to relief. The defendant must show that this successive representation had some actual and demonstrable adverse effect on the case, not merely an abstract or theoretical one." United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996) (internal citation omitted). Mr. Taylor offers no evidence to elevate the theoretical conflict to the level of an actual conflict. He provides only speculation as to why Ms. Worley did not file a motion to suppress and offers no evidence to demonstrate that she failed to challenge the nighttime search because of her prior representation of the informant. Further, Mr. Taylor offers no argument to suggest why such a motion might have been successful. Finally, the search warrant was also a potential issue in CR 95-648, and Mr. Taylor's conflict-free sole counsel for that case, Mr. Hunt, did not challenge the search.

We emphasize that under Mickens, Mr. Taylor was not required to prove prejudice. However, he cannot obtain relief from our court under the AEDPA's deferrential standard of review without some evidence to demonstrate that the alleged conflict affected Ms. Worley's decision not to challenge the search, or evidence to suggest that such a challenge might have had an actual impact on his case. In short, we cannot say that the Arkansas Supreme Court applied clearly established Supreme

Court precedent in an unreasonable manner when it found that Mr. Taylor failed to demonstrate an actual conflict.

The judgment of the district court is affirmed.

_____