# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1117
_____

Steven F. Taylor,                            *
                                             *
        Petitioner -Appellant,               *
                                             *  Appeal from the United States
    v.                                       *  District Court for the Eastern
                                             *  District of Arkansas.
Larry Norris, Director, Arkansas             *
Department of Correction,                    *
                                             *
        Respondent - Appellee.               *

_____

Submitted:  December 16, 2004
Filed: March 21, 2005

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

    Arkansas prisoner Steven F. Taylor appealed the district court's[1] denial of his petition for habeas relief.  We affirmed in a decision dated February 9, 2005.  The appellee filed a timely petition for rehearing by the panel.  Although the appellee,

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Larry Norris, was the prevailing party in our prior decision, he correctly points out in the rehearing petition that we misconstrued the procedural default rule as set out in Harris v. Reed, 489 U.S. 255 (1989). Accordingly, we grant the petition for rehearing by the panel, vacate the opinion filed in this matter on February 9, 2005, and file this substituted opinion.

Arkansas authorities arrested Mr. Taylor on various state drug and firearm charges following the nighttime execution of a search warrant at his home. The State charged Mr. Taylor in three separate cases: CR 95-648, delivery of a controlled substance; CR 96-113, simultaneous possession of drugs and firearms; and CR 96-190, two counts of possession of a controlled substance with intent to deliver and one count of possession of a firearm. The first attorney that the Arkansas Circuit Court appointed to represent Mr. Taylor, Phyllis Worley, requested and received discovery materials from the county prosecutor. These materials revealed that the State's confidential informant, who had provided information for the search warrant application, was one of her former clients.

Ms. Worley notified the Circuit Court of the existence of a potential conflict of interest in CR 95-648 and CR 96-113, the cases she believed to be dependent in part on the search. She petitioned the court to be released from representing Mr. Taylor. The Circuit Court released her and appointed replacement counsel, Jim Petty, to represent Mr. Taylor. Later, Mr. Petty discovered that he too had conflicts. The Circuit Court released Mr. Petty. The Circuit Court then appointed a third attorney, Russ Hunt, to represent Mr. Taylor in CR 95-648 and 96-190. The Circuit Court reappointed Ms. Worley as co-counsel in CR 96-190 and as sole counsel in CR 96-113.

When the Circuit Court reappointed Ms. Worley to represent Mr. Taylor, she told the prosecutor of the possible conflict related to the confidential informant. The prosecutor, however, assured her that in the event the case went to trial, the State did

not intend to call the confidential informant as a witness. Later, Ms. Worley discovered that the State did intend to use the confidential informant as a witness. She sought instruction from the Circuit Court, but before the Circuit Court acted on her request, Mr. Taylor reached a plea agreement.

Ms. Worley was present at the plea hearing. The Circuit Court asked her about the conflict, and she told the Circuit Court that no conflict existed because the only possibility for a conflict would have been if Mr. Taylor's cases had gone to trial and the confidential informant had testified. The Circuit Court accepted this explanation. Mr. Taylor pled guilty in CR 96-190 and CR 96-113 and the State abandoned CR 95-648. The Circuit Court sentenced Mr. Taylor to 432 months of imprisonment.

Mr. Taylor filed a timely petition for postconviction relief with the Circuit Court under Arkansas Rule of Criminal Procedure § 37. He alleged ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. Mr. Taylor claimed that Ms. Worley should have challenged the search warrant affidavit, search warrant, and nighttime execution of the search warrant under Arkansas law, and that her failure to do so comprised ineffective assistance. The Circuit Court denied relief, and Mr. Taylor appealed. The Arkansas Supreme Court determined that the Circuit Court had not made adequate written findings on Mr. Taylor's claims. Taylor v. State, 9 S.W.3d 515, 516 (Ark. 2000). On remand, the Circuit Court found:

> The defendant failed to prove that Ms. Worley had an actual conflict of interest. Prior representation of a potential witness for the state does not by itself establish an actual conflict of interest. The defendant failed to present evidence of any such actual conflict. Secondly, the defendant failed to provide evidence that Ms. Worley's prior representation of the [] potential state's witness in any way [a]ffected the adequacy of her representation of the defendant. No evidence was presented to indicate Ms. Worley declined to challenge the search warrant because of her prior representation of the confidential informant.

<u>Taylor v. State</u>, CR 00-877, 2001 WL 435511 at *2 (Ark. 2001) (unpublished) ("<u>Taylor II</u>") (quoting the Circuit Court).

Following remand, the Arkansas Supreme Court affirmed on procedural grounds. <u>Id.</u> It found that Mr. Taylor failed to adequately abstract the record as required under Arkansas procedure and that this failure deprived the Arkansas Supreme Court of an adequate record upon which to rule. <u>Id.</u> ("Although appellant has abstracted language mentioned in the search warrant, we are unable to determine whether the language consists of an impartial condensation of the search warrant as required by Ark. Sup. Ct. R. 4-2(a)(6). . . . *Because of this failure, we affirm.*") (emphasis added).

Notwithstanding this ruling on procedural grounds, the Arkansas Supreme Court stated in its footnote 1:

> Despite appellant's abstracting deficiency, the limited information provided by appellant appears to be similar to the case of <u>Holloway v. State</u>, 293 Ark. 438, 742 S.W.2d 550 (1987) in which we found that a nighttime search was justified. Thus, appellant has also failed to show that he was prejudiced by counsel's alleged conflict of interest.

<u>Taylor II</u> at *2 n.1.

Mr. Taylor next filed a petition for habeas relief in the United States District Court for the Eastern District of Arkansas. The District Court denied relief, but granted a certificate of appealability as to one issue: the alleged ineffective assistance of Ms. Worley due to a conflict of interest.

On appeal, the State argues that we may not consider Mr. Taylor's ineffective assistance claim because the Arkansas Supreme Court found the claim procedurally defaulted as a matter of state law. <u>Heffernan v. Norris</u>, 48 F.3d 331, 333 (8th Cir.

1995) (stating that a federal court cannot consider claims that a prisoner procedurally defaulted in state court absent a showing of actual innocence or cause and prejudice). We agree. Although the Arkansas Supreme Court, in its footnote 1, set forth an alternative ruling based on the merits, and although this alternative ruling appears to address the federal issue of ineffective assistance of counsel, the court nevertheless clearly and expressly stated that its decision rested on state procedural grounds. As long as a state court sets forth a clear and plain statement that its decision rests on state law grounds, and as long as those grounds are adequate and independent of federal claims, the state court may make reference to a federal claim without opening the door to habeas review. See Coleman v. Thompson, 501 U.S. 722, 733 (1991). In Coleman, the Court stated:

> After Long a state court that wishes to look to federal law for guidance or as an alternative holding while still relying on an independent and adequate state ground can avoid the presumption [that the state court decision rests on federal grounds] by stating "clearly and expressly that [its decision] is . . . based on bona fide separate, adequate, and independent grounds."

Id. (quoting Michigan v. Long, 463 U.S. 1032, 1041 (1983)) (second alteration in original). Here, the Arkansas Supreme Court's decision is supported by independent and adequate state law grounds that we may not disturb. See generally, Harris v. Reed, 489 U.S. 255, 260-266 (1989).

The judgment of the district court is affirmed.

_____