TYMKOVICH, Circuit Judge,
concurring.
Although I agree with Judge Briscoe’s merits analysis, in my view we must apply the independent and adequate state ground doctrine to the Ake claims.[1] When reviewing a state prisoner’s petition for a writ of habeas corpus, federalism and comity require us to respect and give effect to state procedural rules. Because Alverson failed to raise a claim based on Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), on direct appeal — and because the Oklahoma Court of Criminal Appeals relied upon a state procedural law to dispose of the Ake claim on post-conviction review — we are barred from considering the claim.
I.
The Supreme Court has never suggested we may ignore a state procedural law if it is raised defensively in federal habeas litigation. To the contrary, the Court has compared state procedural bars to limits on federal judicial power:
Without the [independent and adequate state ground doctrine], a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court’s jurisdiction and a means to undermine the State’s interest in enforcing its laws.
*1164 Coleman v. Thompson, 501 U.S. 722, 730-31, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). According to the Court, the doctrine is “grounded in concerns of comity and federalism,” id. at 730, 111 S.Ct. 2546, which prevent us from reaching the merits when the last state court to address a claim “fairly appears” to rest its judgment on a state procedural rule. See id. at 740, 111 S.Ct. 2546.
We have previously acknowledged the foundational importance of the independent and adequate state ground doctrine, stating that it “implicates important values that transcend the concerns of the parties to an action.” Hardiman v. Reynolds, 971 F.2d 500, 503 (10th Cir.1992). Indeed, because of the doctrine’s importance, we have held that “a federal habeas court can always raise procedural bar sua sponte.’” Romano v. Gibson, 239 F.3d 1156, 1168 (10th Cir.2001); see also Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir.2007) (describing the doctrine of “anticipatory procedural bar”). Here we need not raise the Oklahoma procedural bar sua sponte, as the question of procedural default was squarely raised below and was raised again on appeal to this court. But our willingness to apply an applicable state procedural bar — even where the state court has not had the opportunity to do so — underscores the important role state procedural law plays in federal habeas review.
In Oklahoma capital cases, only claims that “[w]ere not and could not have been raised in a direct appeal” are eligible for state collateral review. 22 Okla. Stat. Ann. § 1089(C)(1) (1999) (emphasis added). When it disposed of Alverson’s post-conviction petition, the OCCA held that Alverson’s Ake claim “could have been raised on direct appeal but [was] not,” and it was therefore “waived” under state law. Alverson v. Oklahoma, No. PC 98-1182, Slip Op. at 3 & n.7 (Okla.Ct.Crim.App. July 19, 1999) (unpublished) (citing § 1089(C)(1)). Relying upon this holding by the OCCA, the government has consistently argued Alverson’s failure to comply with state procedural law prevents review of the Ake claim in federal court.
Judge Briscoe does not really take issue with the OCCA’s finding of waiver. She acknowledges that on direct appeal, Alverson “did not challenge the state trial court’s denial of his [Ake ] application,” and he failed to mention or cite Ake to the OCCA. Maj. Op. at 1150. And even Alverson himself conceded his Ake claim was not properly presented to the OCCA — in the district court, he alleged his appellate counsel was ineffective for failing to raise the claim on direct appeal.[2]
Nonetheless, because on direct appeal the OCCA mentioned that no evidence supported an Ake claim while denying Alverson’s ineffective assistance claim — and referred to Ake in an alternative holding on collateral review — Judge Briscoe contends the state procedural bar has been overridden. In light of Supreme Court precedent, however, I disagree with this contention.
First, the Supreme Court has directed us to look to the last state court decision disposing of a federal claim, and not some intermediate decision, to determine whether the claim is procedurally barred. See Coleman, 501 U.S. at 735, 111 S.Ct. 2546 (quoting Hams v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Only if the last state court opinion to address the claim ignores the procedural bar *1165 and reaches the merits may we follow suit. See Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (“If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.’ ” (emphasis added)).[3] Here, the last state court to address the Ake claim explicitly rested its judgment on an Oklahoma procedural rule.
Second, the Supreme Court requires us to give effect to a state procedural bar even when the state court reaches the merits of a federal claim in an alternative holding. See Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). In Harris, the Supreme Court imported to the habeas context the “plain statement” rule of Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), a seminal case on the boundaries of the Court’s power to review state court judgments. Under that rule, a federal court may not reach a habeas petitioner’s constitutional claims if “the last state court rendering a judgment in the case ‘clearly and expressly1 states that its judgment rests on a state procedural bar.” Harris, 489 U.S. at 263, 109 S.Ct. 1038 (quoting Caldwell v. Mississippi 4:72 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)).
According to Harris, the plain statement rule applies even under the circumstances presented in this case, where the state court addressed the merits of the federal claim in addition to finding it waived. As the Supreme Court held, “a state court need not fear reaching the merits of a federal claim in an alternative holding.” Harris, 489 U.S. at 264 n. 10, 109 S.Ct. 1038 (emphasis in original).[4] Thus, a federal court is barred from considering “a federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.” Id.; see also Sochor v. Florida, 504 U.S. 527, 534, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (“[T]he rejection of [the habeas petitioner’s] claim was based on the alternative state ground that the claim was ‘not preserved for appeal’.... Hence, we hold ourselves to be without authority to address Sochor’s claim .... ” (emphasis added)).
Here, the OCCA indeed “explicitly invoked” a state procedural rule to deny the *1166 Ake claim on post-conviction review. Harris, 489 U.S. at 264 n. 10, 109 S.Ct. 1038. Moreover, the OCCA’s discussion of the merits of the Ake claim on post-conviction review (if not on direct appeal) was most certainly framed in the alternative: the OCCA stated in a footnote — after concluding in the text that the Ake claim was waived — that “[i]n any event, the trial court’s denial of a neurological Ake expert was proper.” Alverson, No. PC 98-1182, Slip Op. at 3 n.7.[5] Because this holding was framed in the alternative, it did not eviscerate the procedural bar the OCCA simultaneously — and explicitly — invoked to dispose of the Ake claim.
II.
Judge Briscoe cites three decisions from outside the Tenth Circuit that appear to allow us to reach Alverson’s Alee claim despite the holdings in Coleman and Harris. According to Judge Briscoe, those decisions conclude that “a state appellate court’s sua sponte consideration of an issue not only satisfies § 2254’s exhaustion requirement but ... also constitutes an adjudication on the merits that is ripe for federal habeas review.” See Maj. Op. at 1153 n.3 (emphasis added) (citing Comer v. Schriro, 480 F.3d 960 (9th Cir.2007); Walton v. Caspari, 916 F.2d 1352 (8th Cir. 1990); Cooper v. Wainwright, 807 F.2d 881 (11th Cir.1986)). For several reasons, I believe those cases do not apply here.
As an initial matter, the doctrine of exhaustion and the doctrine of independent and adequate state grounds are distinct. Exhaustion is a creature of federal statute and is a mandatory prerequisite to federal habeas review. See 28 U.S.C. § 2254(b)(1)(A). The independent and adequate state ground doctrine, on the other hand, is based upon the limits of federal jurisdiction contained in Article III of the Constitution, and is meant to give effect to state procedural rules. See Coleman, 501 U.S. at 730-31, 111 S.Ct. 2546; Harris, 489 U.S. at 262-63, 109 S.Ct. 1038. Although the two doctrines may sometimes appear to be intertwined, they are not identical. See Hawkins v. Mullin, 291 F.3d 658, 663-64 (10th Cir.2002) (separately analyzing procedural bar and exhaustion); see also Coleman, 501 U.S. at 731, 111 S.Ct. 2546 (discussing the doctrine of exhaustion and state procedural default separately, but noting they both implicate the principles of comity).
Thus, to the extent the cases cited by Judge Briscoe address whether a federal claim has been exhausted, those cases are inapplicable to Alverson’s Ake claim. See Comer, 480 F.3d at 984 (“[W]e will ... consider a claim to be exhausted ... if ... the state court mentions it is considering the claim sua sponte.” (emphasis added)); Walton, 916 F.2d at 1357 (“[W]e hold that [the petitioner] exhausted his state remedies ----” (emphasis added)). The government does not seriously dispute Alverson’s Ake claim has been exhausted — he clearly attempted to raise it in his petition for post-conviction relief. The question is whether it was presented in compliance *1167 with Oklahoma procedural rules. For the reasons given above, it was not.
Furthermore, the Eleventh Circuit’s 1986 holding in Cooper conflicts with and predates the Supreme Court’s 1989 and 1991 holdings in Harris and Coleman, and we should not adopt Cooper as the law of the Tenth Circuit. In Cooper, the court reviewed a Florida prisoner’s habeas petition. In a state collateral proceeding, the Florida Supreme Court had ruled that a state procedural rule prevented the prisoner from asserting one of his federal claims. Cooper, 807 F.2d at 885. Nonetheless, an earlier decision by the Florida Supreme Court had sua sponte “recognized and passed on the [federal] claim,” and the Eleventh Circuit determined that it could therefore review the claim on the merits. Id. at 886.
Thus, Cooper contravenes the Supreme Court’s explicit instruction to examine the “decision of the last state court to which the petitioner presented his federal claims.” Coleman, 501 U.S. at 735, 111 5.Ct. 2546 (emphasis added); see id. at 735-36, 111 S.Ct. 2546 (quoting Harris, 489 U.S. at 263, 109 S.Ct. 1038); see also Ylst, 501 U.S. at 801, 111 S.Ct. 2590. Cooper relied not on the last decision of the Florida Supreme Court, but on an intermediate decision — the decision disposing of the prisoner’s direct appeal. See Cooper, 807 F.2d at 884 (referring to the two state court decisions as “Cooper I” and “Cooper II”). We should not apply the erroneous conclusion in Cooper to the case at hand and thereby taint our own circuit’s precedent.[6]
III.
Judge Briscoe also cites several cases from this circuit in support of reaching the merits. She notes “[t]his is by no means the first time we have reached the merits of a § 2254 claim that was first considered on the merits by a state appellate court and then later rejected by that same court as procedurally barred.” Maj. Op. at 1153-54 & 1155 n.4 (collecting cases). Each of the cited cases, however, presented unique procedural or other questions that do not pertain here. Indeed, we have never held that we may ignore a procedural bar explicitly invoked by a state court, when neither party suggests the procedural bar is somehow inapplicable or infirm as a matter of federal law.
For example, one of the cases, Mathis v. Bruce, 148 Fed.Appx. 732 (10th Cir.2005), merely denied relief on the merits to avoid a “procedural morass” that we would otherwise have been required to untangle. Id. at 735. We have followed this procedure many times in the past — a point not lost on Judge Briscoe, who cites additional cases to that effect. See Maj. Op. at 1155 n.4; see also Revilla v. Gibson, 283 F.3d 1203, 1214 (10th Cir.2002) (“[W]e elect to avoid complex procedural bar issues and resolve the matter ‘more easily and succinctly’ on the merits.” (quoting Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000))).
In denying a claim on the merits instead of addressing a “thorny” and “complex” state procedural question, we do no vio *1168 lence to the doctrine of independent and adequate state grounds. See Revilla, 283 F.3d at 1210-11. Indeed, we actually hon- or the doctrine by declining to address difficult questions of state law that are more properly the province of the state courts. Here, however, the issue of whether Alverson’s Ake claim is procedurally barred is not particularly difficult. The merits question, on the other hand, is more complicated, as evidenced by Judge Kelly’s thoughtful dissent.
The other cases, Johnson v. Champion, 288 F.3d 1215 (10th Cir.2002), and Sallahdin v. Gibson, 275 F.3d 1211 (10th Cir. 2002), likewise do not apply to Alverson’s Ake claim. In Johnson, we excused an otherwise valid state law procedural bar because we concluded the habeas petitioner had shown “cause and prejudice” for his failure to comply with applicable state procedural rules. Johnson, 288 F.3d at 1226-27; see also id. (“Generally speaking, this court ‘does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.’ ” (emphasis added) (quoting English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998))). In Sallahdin, we addressed the merits of a constitutional claim because the OCCA had given the petitioner permission to raise it on direct appeal, yet inexplicably failed to address the claim. 275 F.3d at 1227.
Here, nothing in the record suggests the procedural bar the OCCA invoked is somehow inapplicable. We have previously held that the Oklahoma procedural bar at issue is “independent and adequate” as a matter of federal law when applied to claims based on Ake, and Alverson has not argued otherwise. See Smith v. Workman, 550 F.3d 1258, 1267 (10th Cir.2008) (“We agree that Petitioner’s substantive Ake claim is procedurally barred given that the OCCA deemed the claims waived on an independent and adequate state law ground ... because it was not raised on direct appeal.”), cert, denied, — U.S. -, 130 S.Ct. 238, 175 L.Ed.2d 163 (2009). And Alverson does not assert that an exception to the independent and adequate state ground doctrine applies. That is, he has not alleged cause for his failure to comply with state law, that the state procedural law actually prejudiced him, or that he is factually innocent and a “fundamental miscarriage of justice” will occur if the procedural bar is enforced. See Ellis v. Hargett, 302 F.3d 1182, 1186 & n. 1 (10th Cir.2002) (discussing the exceptions to the independent and adequate state ground doctrine).
Thus, nothing in our case law — including the cases invoked by Judge Briscoe — suggests we are free to disregard the OCCA’s state law disposition of Alverson’s Ake claim.
Supreme Court precedent commands us to respect the OCCA’s conclusion that Alverson waived his Ake claim when he failed to present it on direct appeal. Nothing in the record suggests the procedural rule the OCCA applied is somehow infirm, and Alverson has not argued he is eligible for an exception to the independent and adequate state ground doctrine. To honor the principles of federalism and comity that underlie our habeas corpus jurisprudence, we must heed Coleman and Harris, and allow the OCCA’s state law decision to stand.

. I join in all but Part III.A.4. Regarding the merits of Alverson’s claim under Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), I entirely agree with Judge Briscoe that the state court did not unreasonably apply federal law in disposing of the claim, nor did it adjudicate the claim in a manner contrary to federal law. See 28 U.S.C. § 2254(d)(1).

. As his counsel noted at oral argument, Alverson has since abandoned his ineffective assistance of appellate counsel claim.

.Even so, a state court cannot prevent federal review of a constitutional claim merely by talismanically invoking a state procedural rule. If the state procedural law is somehow inadequate as a federal matter — for example, if it deprives a habeas petitioner “of any meaningful review” of his constitutional claim — the independent and adequate state ground doctrine is inapplicable and we may reach the merits. Hooks v. Ward, 184 F.3d 1206, 1214 (10th Cir.1999) (quoting Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994)); see also Phillips v. Ferguson, 182 F.3d 769, 773 (10th Cir.1999) ("[I]f it is determined that the state post-conviction procedure is unconstitutional, then such procedures would not, in most instances, be regarded as an adequate state procedural bar to habeas consideration of the underlying conviction.”).

.Other circuits have repeatedly enforced the "alternative holding” rule set forth in Harris. See, e.g., Stephens v. Branker, 570 F.3d 198, 208 (4th Cir.2009); Campbell v. Burris, 515 F.3d 172, 177 & n. 3 (3d Cir.2008) (noting that whether the state court “actually reviewed” the merits of a petitioner's federal claims is irrelevant if the state court "expressly relies on a state procedural rule” to dispose of the claims), cert, denied,-U.S.-, 129 S.Ct. 71, 172 L.Ed.2d 28; Brooks v. Bagley, 513 F.3d 618, 624 (6th Cir.2008) (citing Harris, 489 U.S. at 264 n. 1, 109 S.Ct. 1038), cert. denied, - U.S. -■, 129 S.Ct. 1316, 173 L.Ed.2d 596 (2009); Taylor v. Norris, 401 F.3d 883, 886 (8th Cir.2005) ("Although the Arkansas Supreme Court, in its footnote 1, set forth an alternative ruling based on the merits ... the court nevertheless clearly and expressly stated that its decision rested on state procedural grounds.”).

. The Second Circuit has attempted to draw a distinction between "alternative” holdings and "contrary-to-fact” holdings. See Bell v. Miller, 500 F.3d 149, 155 (2d Cir.2007) (holding that the language, "if the merits were reached, the result would be the same,” is a contrary-to-fact holding, not an alternative holding (emphasis in original)). Although I do not adopt that distinction, here the OCCA no doubt made an alternative holding on post-conviction review when it utilized the prefatory phrase "in any event” before addressing the merits of the Ake claim. See Sochor, 504 U.S. at 534, 112 S.Ct. 2114 (holding that the portion of a state court opinion following the phrase "in any event” is an alternative holding).

. Of course, if a state court conspicuously refuses to invoke a potentially-applicable state procedural rule, and instead addresses a federal claim on the merits, a federal court has "no concomitant duty to apply [the] state procedural bar[].” Cone v. Bell, - U.S. -, 129 S.Ct. 1769, 1782, 173 L.Ed.2d 701 (2009). This remains true so long as no later state court decision suggests a valid procedural default might apply. See id. But here, as in Cooper, the last state court to address the relevant federal claim explicitly relied upon a state procedural law. Coleman and Harris therefore require us to respect the decision of the OCCA and avoid addressing the merits of Alverson's Ake claim.