# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-KA-00570-SCT

*LOREN ROSS a/k/a LOREN WENDELL ROSS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN, III |
| TRIAL COURT ATTORNEYS: | CYNTHIA ANN STEWART |
| | SAMUEL LEE WILKINS |
| | DAN W. DUGGAN, JR. |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/25/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Loren Ross was convicted of felony driving under the influence (DUI), fourth offense. The Circuit Court of Rankin County imposed the maximum sentence of ten years in the custody of the Mississippi Department of Corrections (MDOC). Ross appeals, arguing that the trial court erred by not polling the jury to assure that the jurors had been unanimous in specifying the particular subsection of the DUI statute Ross had violated. He argues also that

the trial court erred by sentencing him to the maximum statutory penalty instead of ordering rehabilitative treatment for his alcoholism. Finding no error, we affirm Ross's conviction and sentence.

**FACTS**

¶2. At 12:10 a.m. on April 17, 2017, Brandon Holifield, a patrolman with the Richland Police Department, was traveling south on Highway 49 in the City of Richland in Rankin County. Upon approaching the Bud Street intersection, Officer Holifield observed a parked car positioned halfway in the road and halfway in a parking lot. He approached the driver's side door and discovered Loren Ross passed out inside the car with the engine running and the transmission in the "park" position. He opened the door, awakened Ross, and asked to see his driver's license. After viewing Ross's license, Officer Holifield had him step out of the car. Ross denied having diabetes or any other medical issues. When Officer Holifield asked whether Ross knew where he was, Ross answered, erroneously, that he was in Madison County. He said he had dropped a friend off at work and was on the way home. During the conversation, Officer Holifield detected the odor of intoxicating beverages emanating from Ross's breath and noticed that Ross had difficulty balancing himself. Ross was cooperative but appeared disoriented and confused, with red, bloodshot, glassy eyes. Based on his observations of Ross, Officer Holifield arrested him for DUI.

¶3. At the police station, Officer Holifield placed Ross in a holding cell. Ross began banging on the holding cell door and, when no one responded, he urinated in the holding cell. A few minutes later, Officer Holifield removed Ross from the holding cell and obtained

Ross's rights waiver and his consent to administer the Intoxilyzer 8000 test. The test, administered at 1:24 a.m., revealed that Ross's blood alcohol content was .17 percent, based on a chemical analysis of his breath as measured by the Intoxilyzer 8000 machine.

¶4. Wendy Hathcock, a forensic toxicologist with the Mississippi Forensics Laboratory, testified that she is responsible for maintaining the Intoxilyzer 8000 machines used throughout the state. She testified that the Intoxilyzer 8000 machine used to test Ross's blood alcohol content had been calibrated on April 1, 2017, on May 1, 2017, and also moments before and after the test itself. She testified that, in her opinion, the results of Ross's blood alcohol test were reliable and accurate. The defense and State stipulated that Ross had three prior DUI convictions. The jury convicted Ross of felony DUI, fourth offense.

**LAW AND ANALYSIS**

I.    **Whether the trial court erred by failing to poll the jury to ascertain its unanimity in specifying the particular subsection of the DUI statute Ross violated.**

¶5. Ross was indicted for fourth offense DUI in violation of Mississippi Code Section 63-11-30 (Rev. 2013). His indictment charged that he had driven "while under the influence of intoxicating liquor and/or" had "an alcohol concentration of eight one-hundredths percent (.08%) or more in his blood based upon grams of alcohol per two hundred ten (210) liters of breath as shown by chemical analysis of his breath . . . ." Ross's indictment tracked Mississippi Code Section 63-11-30(1)(a) and (1)(c). Subsection (1) deems it "unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor." Miss. Code Ann. § 63-11-30(1)(a) (Rev. 2013). And under

3

subsection (1)(c), one who drives or otherwise operates a vehicle with "an alcohol concentration of eight one-hundredths percent (.08%) or more . . . in the person's blood based upon . . . grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of the person's breath, blood, or urine" is guilty of DUI. Miss. Code Ann. § 63-11-30(1)(c) (Rev. 2013).

¶6.    In *Young v. City of Brookhaven*, 693 So. 2d 1355, 1358 (Miss. 1997), this Court held that Section 63-11-30 "sets forth numerous methods of committing the same crime." The *Young* Court arrived at this holding by examining the DUI statutes of Alabama and Arkansas, which were similar to Mississippi's. *Id.* at 1357-58. The courts of those states had found "that the two[ ]subsections are 'simply two different ways to prove a single violation.'" *Id.* at 1358 (quoting *Johnston v. City of Fort Smith*, 690 S.W.2d 358, 359 (Ark. Ct. App. 1985)).

¶7.    This Court applied *Young* in *Kramm v. State*, 949 So. 2d 18 (Miss. 2007). Kramm was convicted of "driving a motor vehicle while under the influence and causing death," "driving a motor vehicle with a blood alcohol level of .08% or more and causing death," and "leaving the scene of an accident which resulted in the death of another person." *Id.* at 19. Kramm's two DUI counts were based on the same incident and, on appeal, he argued that the two counts described the same crime. *Id.* at 22. The Court examined *Young*'s holding that 63-11-30(1)(a) and (1)(c) set forth different methods of committing the same crime and held that "Kramm [wa]s correct that his conviction and sentence under Count I and Count II

4

amounted to being convicted and sentenced twice for the same crime." *Id.* at 23. Therefore, the Court reversed and vacated Kramm's conviction on Count II. *Id.*

¶8.     In this case, after much discussion, the trial court secured both parties' agreement on the wording of the elements instruction. That instruction told the jury that it must find, unanimously, the elements of subsection (1)(a), or, unanimously, the elements of subsection (1)(c). The elements instruction also set forth that, if the jury found neither the elements of subsection (1)(a) nor the elements of subsection (1)(c), then it must acquit Ross of fourth offense DUI. After the jury returned its verdict of guilty, Ross requested that the jury be "polled in terms of the unanimity issue." The trial court polled the jury by asking each juror whether the verdict of guilty was that juror's verdict; each juror answered affirmatively. Without objection from Ross, the trial court found that the verdict was unanimous and discharged the jury.

¶9.     On appeal, Ross argues that the trial court erred by failing to poll the jury to assure that it unanimously found either the elements of subsections (1)(a) or (1)(c) as required by the elements instruction. Ross's argument is procedurally barred. Although Ross requested that the jury be "polled in terms of the unanimity issue," the trial court did poll the jury, all of whom acknowledged having voted guilty, and Ross did not object to the manner in which the jury had been polled. "In order to preserve an issue for appeal, counsel must object. The failure to object acts as a waiver." *Havard v. State*, 928 So. 2d 771, 791 (Miss. 2006) (internal quotation marks omitted) (quoting *Carr v. State*, 873 So. 2d 991, 1004 (Miss. 2004)).

¶10.    Notwithstanding the procedural bar, the issue is without merit. Ross's arguments misapprehend the purpose of jury polling. Mississippi Rule of Criminal Procedure 24.5 provides for the court to poll the jurors individually at a party's request or *sua sponte* "[a]fter a verdict is returned, but before the jury is discharged." If the jurors are not unanimous on the verdict, the trial court may direct further deliberations or declare a mistrial. MRCrP 24.5. The purpose of jury polling "is to determine with certainty that 'each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent.'" MRCrP 24.5 cmt. (quoting ***Humphries v. Dist. of Columbia***, 174 U.S. 190, 194, 19 S. Ct. 637, 43 L. Ed. 944 (1899)). Thus, jury polling is a means of ensuring that all of the individual jurors agree on the verdict. It is not a method for exploring whether the jurors unanimously found particular facts. We observe that Mississippi Rule of Criminal Procedure 24.2(a) mandates, except in specified situations, a general verdict, which "gives the jury discretion over the disposition of the case which it would not have if restricted to finding particular facts in special verdicts." MRCrP 24.2(a) cmt.

¶11.    Ross also makes vague attacks on the decision in ***Young***, arguing that this Court should follow the reasoning of the ***Young*** dissent that Section 63-11-30(1) sets forth five separate offenses in each subsection. But a dissent has no precedential value. ***Buffington v. State***, 824 So. 2d 576, 580 (Miss. 2002) (noting that "a majority of all sitting judges is required to create precedent"). Ross also argues that ***Kramm*** strengthens his argument that a defendant cannot be convicted under both subsections. But ***Kramm*** solidified that Section 63-11-30 establishes a single offense of DUI with alternative methods of proof. Unlike

6

Kramm, who was convicted of two violations of Section 63-11-30 for the same incident, Ross was convicted of a single violation of Section 63-11-30; so **Kramm** provides no basis for reversal of Ross's conviction.

¶12. Finally, while not assigning as error the grant of the elements instruction, Ross makes amorphous complaints that the elements instruction was confusing. An appellant's brief must "identify the issues presented for review." M.R.A.P. 28(a)(3). "No issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified." *Id.* Because Ross did not assign the grant of the elements instruction as an issue on appeal, we do not address his vague arguments about the instruction to which he never objected at trial.

II. **Whether the trial court's imposition of the maximum sentence rather than ordering rehabilitation was an abuse of discretion.**

¶13. Ross argues that the trial court erred by imposing the maximum sentence instead of ordering rehabilitation. The record reveals that Judge Chapman held a thorough sentencing hearing and carefully considered the sentence to be imposed. The judge said he had reviewed a presentencing report,[1] a letter from Ross's mother, and Ross's resumé. Ross's counsel stressed that Ross was "as serious an alcoholic" as she ever had encountered. She argued that, rather than imposing a lengthy sentence, the court should craft a punishment that addressed his addiction problem. The State, noting that Ross had several prior DUI convictions and had been on probation for another felony DUI when this offense was committed, requested the maximum sentence.

---

[1] The presentencing report was not included in the record on appeal.

¶14. In contemplating the appropriate sentence, Judge Chapman said that "I honestly don't think there is any sentence I can hand down in this case that's going to make me feel comfortable . . . ." He recognized that Ross's resumé showed that he had a good job and a good education. Judge Chapman observed that the drug and alcohol treatment services available at the MDOC are limited. He considered ordering Ross to serve a term of years followed by post-release supervision and drug court. But he also considered the need to protect society given Ross's record of five or six DUI convictions,[2] one other having been a felony. Judge Chapman concluded that, "I don't think it's a fair sentence for the protection of society for me to do anything other than send him to the penitentiary for as long as I can, because I know society is protected then," and that "I don't know that they're protected if I don't do that and he gets into some program that's going to help him and he fails for the fifth, sixth, or seventh time." He imposed the maximum sentence of ten years, ordered Ross to pay a fine and court costs, and ordered that Ross's vehicle be equipped with an ignition interlock device for ten years following his release from incarceration.

¶15. "The general rule in this state is that this Court cannot disturb a sentence on appeal so long as it does not exceed the maximum term allowed by statute." *Wilkerson v. State*, 731 So. 2d 1173, 1183 (Miss. 1999) (citing *Hoops v. State*, 681 So. 2d 521, 538 (Miss. 1996)).[3]

---

[2] The State referenced additional convictions noted in the presentencing report, but there was confusion about whether Ross had five or six total DUI convictions.

[3] "Whe[n] a sentence is 'grossly disproportionate' to the crime committed," it can be attacked on Eighth Amendment grounds even if it is within the limits prescribed by statute. *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992) (citing *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992)). Ross makes no argument that his sentence is grossly disproportionate to the crime. His sole contention is that the trial court should have ordered rehabilitation

Mississippi Code Section 63-11-30(2)(d) (Rev. 2013) prescribes a sentence for fourth offense DUI of no less than two years and no more than ten years. Ross's sentence was for the maximum of ten years. Therefore, his sentence was within the statutory limits and is not subject to appellate review.

¶16.    Ross's own argument acknowledges that his sentence was within the trial court's discretion; he cites the concurring opinion from the Court of Appeals in which Judge Roberts acknowledged that, if a sentencing court determines that an offender needs treatment for addiction, the court "*may* certainly request or recommend to the MDOC that the offender receive short term, long term, or therapeutic drug and alcohol treatment while an inmate." ***Jefferson v. State***, 958 So. 2d 1276, 1287 (Miss. Ct. App. 2007) (Roberts, J., concurring) (emphasis added). Judge Roberts's use of the word "may" recognizes that a judge's decision to order substance abuse treatment for an addicted defendant is discretionary, not mandatory.

¶17.    Ross also cites ***State v. Burns***, 723 So. 2d 1013, 1017-20 (La. Ct. App. 1998), in which a Louisiana appellate court found that a life sentence as an habitual offender was unconstitutionally excessive for a young defendant whose nonviolent drug crimes stemmed entirely from his substance abuse problems and who had a good chance of rehabilitation. Ross relies on ***Burns*** to argue that rehabilitation would be the only way to meet the goals of the criminal justice system in this case. But here, the trial court explicitly considered ordering a shorter sentence and drug and alcohol rehabilitation but declined to do so because of the

instead of imposing the maximum sentence.

9

danger to society the court found that Ross posed, given his multiple DUI convictions. The sentence was within the trial court's discretion because it was within the statutory limits.

## CONCLUSION

¶18.    Ross is procedurally barred from arguing that the trial court erred by not polling the jury to ascertain its unanimity in specifying the particular subsection of the DUI statute Ross violated. Regarding Ross's maximum sentence of ten years, because the sentence was within the statutory limits, its imposition was within the trial court's discretion.

¶19.    **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**